## BURTON BAKER *vs.* BALDWIN & WIFE.

After a bill in equity has been filed, it cannot be amended without leave of the Court, and a motion for an injunction based upon an amendment, made without leave, will be dismissed.

Motions to amend, should set forth the substance of the proposed amendments.

THIS was a motion for an injunction. It appeared that the original bill was filed on the 22d of February, 1851, and a subpœna granted the same day. At the March Term following, leave was obtained to amend, on condition of furnishing a copy of the amended bill to the defendant. The amended bill was filed on the 1st day of April, and subpœna issued thereon on the 2d day of April. A copy of the amended bill was then proffered to the defendant's counsel and refused. On the 19th of April, without any further leave of the Court, the plaintiff amended his bill again, and on the 30th of April made a third amendment. The third amendment set forth the facts upon which this motion, which was a motion to enjoin the defendants from negotiating a certain promissory note, and that the note might be brought into Court to abide the event of the suit, was based.

AMES and POTTER for the defendants moved that the plaintiff's application should be dismissed, on the ground that the third amendment being unauthorized, was no part of the record, and consequently could not be the basis of such an application.

Cozzens, contra, cited the seventh of the Rules in Equity, and contended that amendments might be made at any time without leave, before a copy of the bill had been taken by the defendants.

*Per Curiam.* We are of opinion that no alteration can be made in a bill after it has once been filed and made a part of the record, without leave. The rule is : " The plaintiff may amend his bill before the defendant has taken a copy thereof, without paying costs, but if he amend in a material point, after such copy obtained, he shall pay the defendants all costs occasioned thereby." There is nothing said about obtaining leave in any part of the rule, yet it is plain from the latter part of it, which directs that costs shall be given to the defendants in case of a material amendment, that the whole matter was to be under the direction of the Court. After the bill is filed, no amendment should be made without authority of the Court. It appears in this case that leave was given to amend and the amendment made on the 1st of April, and subpœna issued and a copy of the amended bill offered to the defendant's counsel. We are perfectly clear that this exhausted the authority given by the Court. The plaintiff could not have a right to amend and take out subpœna and then amend again. Yet, the bill was further amended on the 19th and on the 30th of April. After these amendments, the plaintiff petitions for an injunction upon a promissory note. This note is not mentioned in the original bill nor in the bill as amended under leave of the Court. It is first stated in the unauthorized amendment of April 30th. But an unauthorized amendment is no amendment, and as an application for an injunction must be based upon the allegations of the bill,

there is nothing here for us to act upon.   The motion must therefore be dismissed ; and since the record has been altered without authority, it must be restored as it was before.   And hereafter no motion to amend a bill will be entertained unless the substance of the amendment is set out in the motion.

Motion dismissed.